IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**HARSHAVARDHAN YADAV**                                            **PLAINTIFF**

vs.                                         No. 4:19-cv-1518

**GLOBIX SUNSET CROSSING, LLC,**                     **DEFENDANTS**
**and GLOBIX INVESTMENTS, LLC**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Harshavardhan Yadav ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Globix Sunset Crossing, LLC, and Globix Investments, LLC (collectively "Defendants"), he does hereby state and allege as follows:

## I.
## INTRODUCTION

1. Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' failure to pay proper overtime compensation under the FLSA.

3. Plaintiff seeks monetary damages, prejudgment interest, and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' receipt of services performed by Plaintiff and money to which Plaintiff is entitled for which Defendants knowingly and maliciously provided no benefit or

consideration in exchange, despite knowing that Plaintiff performed such services with the anticipation of receiving compensation.

## II.
## JURISDICTION AND VENUE

4. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants conduct business within the State of Texas, with their principal place of business in Sugar Land.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the Defendants reside in Texas, so the State of Texas therefore has personal jurisdiction over Defendants.

7. Plaintiff was employed by Defendants to provide services for Defendants' business in Houston. Therefore, the acts alleged in this Complaint had their principal effect within the Southern District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.
## THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff was employed as hourly-paid maintenance staff working for Defendants' apartment home complex in Houston, Texas.

10. Plaintiff began his employment with Defendants on or about June 2013 or 2014, and retired on October 1, 2018.

11. Plaintiff is a resident of Fort Bend County and domiciled in the State of Texas.

12. At all times relevant herein, Plaintiff was an "employee" of Defendants as defined by the FLSA.

13. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

14. Defendant Globix Sunset Crossing, LLC (hereinafter "Globix Sunset Crossing"), is a domestic limited liability company, conducting business under the laws of the State of Texas, and may be served through its registered agent for service of process, Prasla Law Firm, PLLC, 6200 Savoy Drive, Suite 625, Houston, Texas 77036.

15. Defendant Globix Investments, LLC (hereinafter "Globix Investments"), is a domestic limited liability company, conducting business under the laws of the State of Texas, and may be served through its registered agent for service of process, Prasla Law Firm, PLLC, 6200 Savoy Drive, Suite 625, Houston, Texas 77036.

16. Defendants operate a residential real estate business providing multi-family housing in the form of apartment complexes, among other endeavors.

17. Defendants' operate a principal office at 16107 Kensington Drive, Suite 441, Sugar Land, Texas 77479-4224.

18. Plaintiff worked at Defendants' apartment complex located at 10630 Beechnut, Houston, Texas.

19. Globix Sunset Crossing, is the entity which owns and operates the apartment complex where Plaintiff worked.

20. At all times during his employment, Plaintiff reported to an on-site property manager who relayed his timesheets and any other necessary information to Globix Investments.

21. Defendants were at all times relevant hereto operating as a joint enterprise, with centralized policies, particularly regarding pay, applied to all employees and with unified control and management.

22. Defendants acted jointly as "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, the employers of Plaintiff.

23. Each Defendant exercised unified operational control and management, as well as control over Plaintiff and other employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees.

24. As a result of this unified operation, control, management, and ownership with the authority to establish wages and pay policies, Defendants operated as a single enterprise.

25. Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

26. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling,

or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as plumbing tools and equipment, and office supplies.

27. Defendants have at all times relevant hereto been engaged in interstate commerce as that term is defined under the FLSA.

## IV.
## FACTUAL ALLEGATIONS

28. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

29. Within the time period relevant to this case, Plaintiff worked for Defendants as a maintenance worker at Defendants' apartment complex in Houston. Specifically, Plaintiff held the job title "Supervisor."

30. Within the relevant time period, Defendant purported to pay Plaintiff a salary.

31. Plaintiff's primary duties consisted of monitoring the property, providing scheduled maintenance, and making repairs on an as-needed basis.

32. Plaintiff's regular work schedule was Monday through Saturday, 9 a.m. to 6 p.m., and Saturday from 10 a.m. until 5 p.m., with only ten to fifteen minutes for lunch each day.

33. Plaintiff occasionally worked outside of his set schedule as well.

34. Plaintiff regularly and typically worked more than forty (40) hours per week while working for Defendants.

35. Plaintiff tracked his time worked for Defendant by clocking in and out on his cell phone.

36. During the entirety of Plaintiff's employment, Plaintiff was classified by Defendants as a non-exempt hourly employee and was purportedly paid salary.

37. Defendants did not pay Plaintiff overtime wages, despite Plaintiff working overtime hours.

38. Defendants were aware that Plaintiff was working more than forty (40) hours in various workweeks because Defendants set the schedule that required this number of hours.

39. At all times relevant hereto, Defendants maintained complete control over Plaintiff's regular work schedule and how Plaintiff was to perform his work, and Defendants paid Plaintiff on a regular schedule.

40. As a Supervisor, Plaintiff did not have the authority to discipline or fire other employees, nor did Plaintiff make recommendations to Defendants regarding these matters.

41. Plaintiff's primary duty did not include the management of other employees.

42. Plaintiff's primary duty did not include the exercise of independent judgment with respect to matters of significance.

43. Plaintiff had no investment in Defendants' business or operations, and Defendants provided Plaintiff with all supplies, equipment and facilities necessary to perform his job duties.

44. Defendants at all times relevant hereto maintained an employer-employee relationship with Plaintiff.

45. Defendants knew, or showed reckless disregard for whether, the way they paid, and failed to pay, Plaintiff violated the FLSA.

46. Plaintiff and other employees of Defendants routinely used and handled items and goods such as tools, chemicals, and office supplies. Thus, Plaintiff and other

employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

47. Plaintiff and other employees also regularly used the channels of interstate commerce in their work, including regularly using the telephone and internet to order supplies, to coordinate work and service between customers and Defendants, and to engage in monetary transactions.

## V.
## FIRST CAUSE OF ACTION
**(Individual Claim for Violation of the FLSA)**

48. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

49. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

50. At all times relevant hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

51. At all times relevant hereto, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. Title 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

53. For the duration of Plaintiff's employment, Defendants intentionally misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

54. Despite the entitlement of Plaintiff to overtime payments at the lawful rate of one and one-half (1.5) times his regular hourly rate for all hours worked in excess of forty (40) in each workweek, Defendants failed to pay Plaintiff a lawful overtime rate and would not pay Plaintiff any overtime.

55. Defendants willfully and intentionally failed to pay overtime wages.

56. By reason of the willful and intentional unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three years prior to the filing of this Complaint.

57. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Harshavardhan Yadav respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act and its attendant and related regulations;

D.  Judgment for damages suffered by Plaintiff for all unpaid overtime compensation under the FLSA and its attendant and related regulations;

E.  Judgment for liquidated damages in an amount equal to all unpaid overtime compensation owed to Plaintiff pursuant to the FLSA and its attendant and relating regulations;

F.  An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorney's fee, and all costs connected with this action; and

G.  Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**PLAINTIFF HARSHAVARDHAN YADAV**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com